FILED
SUPERIOR COURT
OF GUAM

2019 JAN 30 PM 3 00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WAYSON W.S. WONG,<br><br>       Plaintiff,<br><br>vs.<br><br>CYFRED, LTD., and LEONARD FRANCIS GILL (aka Francis Gill),<br><br>       Defendants. | Superior Court Case No. <u>CV0425-18</u><br><br><br>**DECISION AND ORDER**<br>**RE**<br>***EX PARTE* APPLICATION TO**<br>**DISMISS DEFENDANT GILL** |

The Court here considers Defendant Francis Gill's *Ex Parte* Application to Dismiss Defendant Gill for Plaintiff Wayson W.S. Wong's failure to personally serve him pursuant to Rule 4(m) of Guam Rules of Civil Procedure ("GRCP").[1] At the hearing on January 8, 2019, the Court DENIED the Application on the record. The Court issues this Decision and Order memorializing its decision.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. On April 30, 2018, Plaintiff Wong initiated this action against Gill and Cyfred, Ltd. One hundred eighty days after April 30, 2018, is October 27, 2018.

2. On November 28, 2018, Defendants filed an *Ex Parte* Application to Dismiss Defendant Francis Gill From the Action For Failure to Serve Him Within 180 Days.

3. There are three other pending cases involving Cyfred, and/or Gill, and/or Wayson Wong, and/or Wayson Wong's clients concerning either certain Gill Baza properties or a

---

[1] Wong represents himself; Curtis Van de veld represents Defendants Cyfred, Ltd. and Gill.

ORIGINAL

Settlement Agreement. Since this case was filed, Mr. Gill filed one of those cases, CV0736-18, and has also filed declarations in another case, CV0426-18.

4. Mr. Gill was scheduled to be deposed for CV0736-18 on Guam on December 29, 2018, where Mr. Wong hoped to serve him the Complaint in this case and in CV0426-18. Mr. Gill failed to show due to sickness and is not expected to return to Guam until this Spring.

## II.   LAW AND DISCUSSION

Defendants ask that this Court dismiss Mr. Gill from the action because the summons and complaint have not been personally served on Mr. Gill within 180 days pursuant to GRCP 4(m). Ex Parte Appl. to Dismiss at 2 (Nov. 28, 2018). They also claim that Mr. Wong "is required to exercise 'due diligence' to effectuate constitutionally proper service," and that he failed to do so. *Id.*

GRCP 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint, the court...shall dismiss the action without prejudice...or direct the service to be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service." As written, Rule 4(m) requires a court to grant an extension if a plaintiff shows good cause for delaying service. Additionally, a court has the discretion to grant an extension in the absence of good cause. That discretion is limited, however, because the Guam Supreme Court follows the "strict compliance of statutory service requirements." *Pineda v. Pineda*, 2005 Guam 10 ¶ 18.

Here, Mr. Wong did not serve Mr. Gill within 180 days of filing his summons and complaint. However, Mr. Wong contends that he has good cause for the delay. *See* Pl.'s Opp'n to Ex Parte Appl. to Dismiss at 4 (Nov. 30, 2018) ("Pl.'s Opp'n").

ORIGINAL

Courts have not consistently defined "good cause." Yet most circuit courts have agreed that "the purpose of 4(m) is to prod the slow-footed plaintiff, not to reward the crafty or evasive defendant." 4B Charles Alan Wright & Arthur R. Miller, Federal Prac. and Proc. § 1137, at 394 (3d ed. 2002). Factors supporting finding good cause include "[a] statute of limitations bar, prejudice to the defendant, defendant having actual notice of the lawsuit, defendant evading service, defendant concealing a defect in attempted service, and length of delay before eventual service." See Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007).

Mr. Wong demonstrates good cause. Though he "wanted to serve Mr. Gill personally in August, October, November and then December" on the word of Mr. Gill's counsel that he would be on Guam, Mr. Gill's return dates "chang[ed] again and again." Pl.'s Opp'n at 4. This is not concrete evidence that Mr. Gill has attempted to evade service, but Mr. Wong relied on such representations in delaying service. Moreover, the Court finds that Mr. Gill's submission of multiple declarations in the three pending cases related to this one to be evidence of his having actual notice of this lawsuit. Overall, Mr. Gill's actions have contributed to Mr. Wong's delay in serving him, and therefore the Court finds that Mr. Wong has satisfied his burden of demonstrating good cause.

In requesting an extension, Mr. Wong asks that the deadline be March 29, 2019. See Pl.'s Opp'n at 5. However, keeping in mind that the original 180-day deadline was October 27, 2018, that Guam strictly complies with statutory requirements, that Mr. Wong has the option of serving Mr. Gill by publication, and that the Court extended the parties' Motion for Summary Judgment to late January, the Court gave Mr. Wong ten business days to serve Mr. Gill by publication. Service by publication can be brought under 7 GCA § 14106 and GRCP 4(o). Under 7 GCA § 14106, service by publication can be used when, "after due diligence," it appears that the party to

be served has "departed Guam" or "conceals himself to avoid the service of summons." The facts need only appear "by affidavit to the satisfaction of the court." 7 GCA § 14106. Taking Mr. Wong's declaration at face value, the Court finds that Mr. Wong has repeatedly attempted to serve Mr. Gill personally and has been unable to do so. *See* Pl.'s Opp'n at 6. The Court therefore GRANTED Mr. Wong's request to serve Mr. Gill by publication under 7 GCA § 14106 and GRCP 4(o).[2]

## III.    CONCLUSION

As stated on the record on January 8, 2019, the Court DENIES Defendants' *Ex Parte* Application to Dismiss Defendant Gill and GRANTS Mr. Wong's request to serve Mr. Gill by publication pursuant to 7 GCA § 14106.

SO ORDERED this 30th day of January 2019.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in court box of:
W. Wong
C. Van De Veld
Date: 1-30-19  Time: 3:03pm
Deputy Clerk, Superior Court of Guam

---

[2] Since the Court rendered its decision on January 8, 2019, Gill has filed an Opposition to the request for service by publication. The arguments in Gill's Opposition were already briefed and addressed in the parties' filings on the *Ex Parte* Application.

ORIGINAL